IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       v.                                             CRIMINAL NO. CR-08-306 (RMC)

UNITED STATES PROTECTION
     AND INVESTIGATIONS, LLC,
DELMAR DWAYNE SPIER,
BARBARA EDENS SPIER,
WILLIAM FELIX DUPRE
and
BEHZAD MEHR

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL IMMEDIATE DISCLOSURE OF RULE 16, *BRADY*, AND *GIGLIO*

This Statement of Points and Authorities is submitted in support of Defendant William F. Dupre's Motion to Compel Immediate Disclosure of Rule 16, *Brady*, and *Giglio* Material.

## INTRODUCTION

Defendant Dupre files his Motion to Compel to obtain evidence and other relief that is relevant to several critical issues and necessary to prepare adequately for trial. Defendant Dupre repeatedly requested this material from the United States: first in December 2008, then in September 2009, then again in November 2009, and again in February and March 2010. In hopes of reaching an agreement with the United States and avoiding having to file this motion altogether, Defendant Dupre delayed filing this motion based on assurances from the government that it would respond to his requests by March 2, 2010 and then, after missing that agreed upon deadline, promising Defense counsel a response by noon on March 4, 2010. However, it was not until 5:00 pm on Thursday, March 4, 2010 that the government finally responded to Mr. Dupre's requests and produced very little new information except for Mr. Del Spier's October 23, 2009,

1

Memorandum of Interview, thereby necessitating this motion and statement of points and authorities in support.

## SUMMARY OF FACTS

Defendant Dupre has been informed of a number of scenarios that appear to implicate Rule 16, *Brady* and *Giglio* issues, but for which his attempts to gain more information from the government have been denied. The Defense has requested any and all information, including, but not limited to, FBI 302s, other memoranda of interview, and handwritten and informal notes from interviews with Mr. Dupre's co-defendants, Mr. Delmar Spier, Mrs. Barbara Spier, Mr. Behzad Mehr, and any other alleged unindicted co-conspirators, including Mr. Daniel Bayes, and any current or former employee of Louis Berger Group, Inc. ("LBG"), any current or former employee of USAID, and any other witness, regardless of whether the government intends to call that witness, that is in anyway favorable to Mr. Dupre, including information that is favorable to Mr. Dupre from both a substantive perspective and an impeachment perspective and material tending to discredit the government's witnesses. Although the government has provided memoranda of interviews of many potential witnesses, including Messrs. Spier, Bayes, Gleason, and Phelan, they have not provided any interview notes or statements from non-USPI employees and have provided only limited information from any witness outside of the memoranda of interviews and email seized from USPI computers.

For example, the Defense understands and believes that Mr. Spier would likely testify that Defendant Dupre did not operate in the main Kabul office of United Protection and Investigations, LLC ("USPI") prior to late summer 2005 and, in fact, did not certify invoices to LBG prior to that time. Such statements are material to preparing the defense and certainly favorable, however, they were not contained in Mr. Spier's memorandum of interview. Counsel

for Defendant Dupre have attempted to speak with Mr. Spier concerning his statements to the government, however, his lawyers have refused to grant them access in light of Mr. Spier's plea agreement with the United States. To the extent that Mr. Spier or any other potential witness made such statements to the prosecution or its agents, those statements are discoverable. *See* Ogden, David, *Guidance for Prosecutors Regarding Criminal Discovery*, p. 6, January 4, 2010 ("material exculpatory information that the prosecutor receives during a conversation with an agent or witness is no less discoverable than if that same information were contained in an email").

Further, to the extent any of the government's witnesses or potential witnesses in this case described wrongdoing on behalf of the Spiers, USPI, or anyone connected to USPI in interviews or correspondence with the prosecution or its investigators and those statements that did not include Mr. Dupre, such statements are also favorable to the defense. However, the government has not produced any memoranda of interviews or interview notes from interviews or statements of individuals who were not at one time employed by USPI. Moreover, the only email communications produced to date between the United States and such potential witnesses are the redacted Burgos emails.

Finally, a number of the government's potential witnesses have themselves been implicated in the same alleged wrongdoing as the individuals charged in this indictment. Emails between those witnesses and Agent Marvin Burgos indicate that the government discussed immunity or leniency with certain witnesses in connection with their cooperation. However, other than the limited emails with Agent Burgos, no further statements or information about any offers of immunity or any other leniency or, conversely, any threats or indications of adverse action to potential witnesses have been produced.

**ARGUMENT**

**(A)    Defendant is Entitled, Under Fed. R. Crim. P. 16, to Discovery of Any Documents, Tapes, Or Other Objects Concerning the Issues Raised in His Motion to Compel.**

Pursuant to Fed. R. Crim. Pro. 16, the government must provide the defense with documents, papers, data, and other tangible items within the government's possession, custody or control if that tangible item "is material to preparing the defense." Fed.R.Crim.P. 16(a)(1)(E)(i). The phrase "material to preparing the defense" means "the defendant's response to the government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). The text of Rule 16 contains no limitation restricting its application to information favorable to the defense, and material must be disclosed to the defense "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Marshall*, 132 F.3d 63, 68 (D.C.Cir. 1998) (rejecting government's argument that this provision applies only to exculpatory information) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir. 1993)). Thus, facts concerning a government witness' truthfulness and reliability are material, and any documents or objects reflecting such facts are discoverable under Rule 16. As the Supreme Court has found, a "jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Further, the government is not permitted to avoid its disclosure obligations under Rule 16 by relying on its own narrow view of what types of defenses are appropriate for the defendant to present at trial. *United States* v. *Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005).

Under Rule 16, therefore, Defendant Dupre is entitled to discovery of any documents or other objects that are material to preparing his defense, that could be used to counter the government's case or bolster the Defendant's case, or that is relevant to Defendant's ability to uncover other admissible evidence, aid in his witness preparation, corroborate testimony, or assist him in impeaching government witnesses or otherwise rebutting the government's case. This would include any FBI 302s, other memoranda of interview, or interview notes that reflect exculpatory or impeaching material, including statements by witnesses who informed the government that they believed Defendant Dupre had committed no crimes, and why they believed that to be the case; statements by witnesses concerning Defendant Dupre's inability to participate in the alleged conspiracy or assessments of the crimes that do not include Defendant Dupre; documents reflecting any disavowals of statements made previously to government agents, and/or under oath, or material changes to his/their prior statements; any immunity or other leniency offers or agreements between the government and its witnesses; any documents or other objects reflecting an agreement or offer to intervene on a witness' behalf with another sovereign, or documents that help fulfill, partially or wholly, such an agreement or offer; and any documents or other objects reflecting threats made to a government witness, in whole or in part, to secure the witness' cooperation in this case.

All of these items are material to the preparation of Defendant's defense. Therefore, pursuant to Rule 16, Defendant is entitled to any such materials and requests that the Court order that they be produced forthwith. However, the requests in this motion should not be construed as requests for grand jury transcripts or FBI 302 reports that fall under the Jencks Act.

**(B)** **Defendant is Entitled, Under *Brady, Giglio* and their Progeny, to Discovery of Any Material Favorable to Him on the Issues of His Guilt, And of His Potential Punishment, If Convicted.**

Under *Brady*, Defendant Dupre is entitled to any information favorable to him that relates to either his guilt or punishment. As the court stated in *United States v. Safavian*, 233 F.R.D. 12, 16-17 (D.D.C. 2005):

> The meaning of "favorable" under Brady is not difficult to discern. It is any information – broadly defined to include all Executive branch agencies – that related to guilt or punishment and that tends to help the defense by either bolstering the defense case or impeaching potential prosecution witnesses. It covers both exculpatory and impeachment evidence . . . . Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.

Promises of immunity, leniency or preferential treatment of witnesses and other information that shows bias, motive or otherwise affects their credibility clearly constitute *Brady* and should be disclosed. *See United States v. Ramirez*, 54 F. Supp. 2d 25, 33-34 (D.D.C. 1999). Moreover, "the existence of a duty to disclose witness statements at trial pursuant to the Jencks Act, 18 U.S.C. §3500, does not eviscerate the government's Brady obligation to disclose witness statements *well in advance of trial* if those statements also fall under Brady." *Id*. at 32 (emphasis added). As noted above, Department of Justice policy requires that "[e]xculpatory information *must* be disclosed reasonably *promptly* after it is discovered." U.S. Attorneys' Manual, § 9-5.001.D.1 (emphasis added).

Under *Brady*, the government must turn over the *details* of exculpatory and impeaching evidence. This includes all favorable evidence that is itself admissible, or that is likely to lead to favorable evidence that would be admissible, or that could be used to impeach a prosecution witness. Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure. *United States v. Paxson*,

6

861 F.2d 730, 737 (D.C.Cir. 1988) (all doubts under *Brady* as to whether material is useful to defendant must be resolved in favor of full disclosure); U.S. Attorneys' Manual, § 9-5.001.E ("Under this policy, the government's disclosure will exceed its constitutional obligations. . . . Where it is unclear whether evidence or information should be disclosed [under *Brady* and *Giglio*], prosecutors are encouraged to reveal such information to defendants or to the court for inspection *in camera* and, where applicable, seek a protective order from the Court").

This duty to disclose material favorable to the defense exists even if no notes, or other documentation, were created to reflect the exculpatory or impeaching evidence. In *United States v. Rodriguez*, 496 F.3d 221 (2nd Cir. 2007), the Second Circuit found that when "the government is in possession of material information that impeaches its witnesses or exculpates the defendant, it does not avoid the obligation under *Brady/Giglio* to disclose the information by not writing it down. *Rodriguez*, 496 F.3d at 222. The court held that the "obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form." *Id*. at 226 (footnote omitted). This duty to disclose is also explicitly included in the January 4, 2010 Guidance for Prosecutors Regarding Criminal Discovery issued with the intention of preventing government disclosure lapses.

Further, in this pretrial setting, the government "must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed – with the benefit of hindsight – as affecting the outcome of the trial." *Safavian*, 233 F.R.D. at 16. That is, the "prosecutor cannot be permitted to look at the case pretrial through the end of the telescope an appellate court would use post-trial." *Id*.

> The question before trial is not whether the government thinks that disclosure of the information or evidence it is considering withholding might change the outcome of the trial going forward, but whether the evidence is favorable and therefore must be

7

> disclosed. Because the definition of "materiality" discussed in *Strickler* and other appellate cases is a standard articulated in the post-conviction context for appellate review, it is not the appropriate one for prosecutors to apply during the pretrial discovery phase. The only question before (and even during) trial is whether the evidence at issue may be "favorable to the accused;" if so, it must be disclosed without regard to whether the failure to disclose it likely would affect the outcome of the upcoming trial.

*Id*. (citing *United States v. Sudikoff*, 36 F.Supp.2d 1196, 1198 – 1199 (C.D.Cal. 1999). The same standard is embodied in Department of Justice policy. The U.S. Attorneys' Manual provides that "[w]here it is unclear whether evidence or information should be disclosed [under *Brady* and *Giglio*], *prosecutors are encouraged to reveal such information to defendants* or to the court for inspection *in camera* and, where applicable, seek a protective order from the Court." U.S. Attorneys' Manual § 9-5.001.E (emphasis added).

    For the reasons set forth above, Defendant Dupre is entitled to immediate discovery of all categories of material set forth in his Motion, as well as to any other material favorable to him, whether on the issue of guilt or the issue of punishment. For example, Defendant Dupre seeks production of any material reflecting statements made to the government that the speaker did not believe a crime had been committed by Defendant or statements describing the alleged crime that fail to mention Defendant Dupre or any involvement on his part. This would obviously include any FBI Form 302s or other memoranda of interview reflecting such material. However, if such statements were made but not documented, the government must still disclose the statements. *Rodriguez*, 496 F.3d at 226 ("The obligation to disclose information covered by the *Brady* and *Giglio* rules exists without regard to whether that information has been recorded in tangible form") (footnote omitted).

    Moreover, under *Giglio* which is a subset of *Brady*, Defendant Dupre is entitled to material that includes promises or threats made to government witnesses. Even a "tentative

promise of leniency" must be disclosed to the defense, because it "might be interpreted by a witness as contingent upon the nature of his testimony. Thus, there would be a greater incentive for the witness to try to make his testimony pleasing to the prosecutor." *Campbell v. Reed*, 594 F.2d 4, 7 – 8 (4th Cir. 1979) (citing *Boone v. Paderick*, 541 F.2d 447, 451 (4th Cir. 1976)). "'Especially where the witness is an accomplice of the defendant or may have some other substantial reason to cooperate with the government, the defendant should be permitted wide latitude in the search for the witness' bias.'" *Hoover v. Maryland*, 714 F.2d 301, 305 (4th Cir. 1983) (quoting *United States v. Tracey*, 675 F.2d 433, 438 (1st Cir. 1982)). "What is essential to the preservation of the right to cross-examine is that the interrogator be permitted to probe into whether the witness is acting under a hope or belief of leniency or reward." *Id*. (citing *Fletcher v. State*, 437 A.2d 901, 906 (Md. 1981)).

> The vital question, which the defendant is constitutionally entitled to explore by cross-examination, is what the *witness* understands he or she will receive, for it is this understanding which is of probative value on the issue of bias. The likelihood that a prosecution witness is shading or even contriving testimony adverse to the defendant reasonably can be viewed as directly correlated with the perceived value of such testimony to the witness.

*Id*. (emphasis in original).

## **CONCLUSION**

For the reasons discussed herein, and pursuant to Rule 16, *Brady* and *Giglio*, Defendant Dupre respectfully requests that the Court order the government to provide to the Defendant all remaining discovery to which he is entitled, including those items specified in the Defendant's Motion.

Dated: March 7, 2010.

                    Respectfully submitted,

                    /s/ Brian S. Heslin
                    Brian S. Heslin

                    James P. McLoughlin, Jr.
                    Alton L. Gwaltney, III
                    Jenna L. Learoyd
                    MOORE & VAN ALLEN PLLC
                    100 North Tryon Street
                    Suite 4700
                    Charlotte, North Carolina 28202-4003
                    Telephone:  704-331-1000
                    Fax:  704-331-1159

                    Attorneys for Defendant
                    William Felix Dupre

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2010, I caused the **DEFENDANT WILLIAM F. DUPRE'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL IMMEDIATE DISCLOSURE OF RULE 16,** *BRADY***, AND** *GIGLIO* **MATERIAL** to be filed electronically with the Clerk of Court through ECF, and that service on the following will be accomplished by ECF sending an e-notice of the electronic filling to the following:

Jennifer Taylor
Joseph Anthony Capone
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Ave NW
Washington, DC  20005
jennifer.taylor3@usdj.gov
joe.capone@usdou.gov
(Attorneys for USA)

David John Gorman
Assistant United States Attorney
Office of the United States Attorney
   for the District of Columbia
555 Fourth Street, NW, Room 5828
Washington, DC 20530
david.gorman2@usdoj.gov
(Attorney for USA)

Eric A. Dubelier
REED SMITH LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005-3317
edubelier@reedsmith.com
(Attorney for Defendants U.S. Protection and Investigations, LLC and Delmar Dwayne Spier)

Thomas H. Suddath, Jr.
Timothy P. Ofak
REED SMITH LLP
1650 Market Street
Philadelphia, PA 19103
tsuddath@reedsmith.com
tofak@reedsmith.com
(Attorneys for Defendants U.S. Protection and Investigations, LLC and Delmar Dwayne Spier)

Lisa A. Prager
WILSON, SONSINI, GOODRICH & ROSATI, PC
1700 K Street, NW
Fifth Floor
Washington, DC  20006
lprager@wsgr.com
(Attorney for Defendant Barbara Edens Spier)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　  */s/* Brian Heslin